UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD KAFAFIAN, | : | 3:10-CV-1657 (JCH) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FAIRFIELD POLICE DETECTIVE | : | MARCH 25, 2011 |
| WILLIAM D. YOUNG, JR., Individually, | : | |
|     Defendant. | | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Plaintiff, Donald Kafafian ("Kafafian"), brings this action against defendant, Detective William D. Young, Jr. ("Young"), for damages resulting from Kafafian's arrest. Kafafian's claims are brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments. Specifically, Kafafian alleges that he was unlawfully detained, without probable cause, as a result of Young's actions. Young filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and also asserts the affirmative defenses of qualified and governmental immunity.

**II.    LEGAL STANDARD**

    A.    <u>Motion to Dismiss for Failure to State a Claim</u>

Under Fed. R. Civ. P. 8(a), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355

1

U.S. 41, 47 (1957)).  Though a complaint need not contain detailed factual allegations, the standard does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A pleading that offers only "labels and conclusions" or "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "may consider documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or" documents "of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)).  The court must make the "assumption that all the allegations in the complaint are true (even if doubtful in fact)," Twombly, 550 U.S. at 555, and draw "inferences from those allegations in the light most favorable to the plaintiff," Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,'" but rather requires something more than the "mere possibility of misconduct." Id. at 1950.

## III. DISCUSSION

### A. Count I - Section 1983 Claim[1]

Kafafian argues that Young violated 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments because he arrested Kafafian without probable cause. "The right not to be arrested or prosecuted without probable cause has . . . long been a clearly established constitutional right." Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

Kafafian alleges that the statements of fact in the affidavit were made by Young "either intentionally or with reckless disregard for the truth" and misled the magistrate who issued the arrest warrant. Mem. in Opp. at 5. "A section 1983 plaintiff challenging a warrant on this basis must make the same showing that is required at a suppression hearing under Franks v. Delaware, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)." Velardi v. Walsh, 40 F.3d 569, 573 (2d. Cir. 1994). In order to succeed on a Franks challenge, a plaintiff has the burden of showing that "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding." United States v. Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000). "A reckless disregard for the truth exists when 'the affiant in fact entertained serious doubts as to the truth of his allegations, . . . [and] a factfinder may infer reckless disregard from circumstances evincing obvious reasons

---

[1] Though Young devotes much of his brief to his qualified immunity defense, the court finds that the Complaint fails to state a claim upon which relief can be granted because the affidavit supports a finding of probable cause. Thus, the court does not decide whether, at this stage in the proceedings, Young is entitled to qualified immunity on Kafafian's section 1983 claim.

to doubt the veracity' of the allegations." DeLoach v. Bevers, 922 F.2d 618, 622 (10th Cir. 1990) (followed in Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991)). "Unsupported conclusory allegations of falsehood or material omission cannot support a Franks challenge." Velardi, 40 F.3d at 573. "To determine if the false information was necessary to the issuing judge's probable cause determination," that is, whether the false information was material, "'a court should disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant.'" United States v. Awadallah, 349 F.3d 42, 65 (2d. Cir. 2003) (quoting Canfield, 212 F.3d at 718 (2d Cir. 2000)). To put it another way, "[d]isputed issues are not material if, after crossing out any allegedly false information and supplying any omitted facts, the 'corrected affidavit' would have supported a finding of probable cause." Velardi, 40 F.3d at 573 (quoting Soares v. State of Connecticut, 8 F.3d 917, 920 (2d Cir. 1993).

Kafafian's pleadings, even when read in the light most favorable to him, do not plausibly allege that Young intentionally withheld any material information from his affidavit. Thus, Kafafian's claim rests wholly on his assertion that Young's statements in his affidavit were made "with reckless and callous disregard for their truth," or that Young "knew or should have known" material facts which, if inserted into the affidavit, would negate a finding of probable cause. Complaint ¶ 16. Kafafian alleges that Young was reckless to rely solely on the complainant's sworn statements, and that he should have conducted a more extensive investigation before compiling the warrant.

It is well established, however, that a police officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."

Martinez v. Simonetti, 202 F.3d 625, 635 (2d. Cir. 2000). This Circuit has repeatedly held that a "law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." Id. at 634; see also Miloslavsky v. AES Eng'g Soc'y, 808 F. Supp. 351, 355 (S.D.N.Y. 1992). The police officer's duty is not to determine the guilt or innocence of a suspect. Rather, "it is up to the factfinder to determine whether a defendant's story holds water, not the arresting officer." Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989). "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Id. (emphasis added).

Kafafian's Complaint fails to plausibly allege that Young was reckless in compiling the arrest warrant, and thus Kafafian fails to satisfy the first prong of the Franks standard. To start, Young did not compile his affidavit on a whim. He obtained his information directly from the complainant. See Miloslavsky, 808 F. Supp at 355 (holding that "the veracity of citizen complaints who are the victims of the very crime they report to the police is assumed"). There are no allegations that would plausibly support the conclusion that Young had reason to believe that the complainant's allegations were fabricated, or that Young "entertain[ed] serious doubts" as to their truth. DeLoach, 922 F.2d at 622. On the contrary, the allegations of the Complaint (including the documents attached to and incorporated by reference in the Complaint) show that the complainant's statements were corroborated by the billing statements which Young undertook to obtain during his investigation. These statements showed

5

that the company credit cards were being used by Kafafian for personal use, and supported the complainant's claim that Kafafian was defrauding the House of Formals. Because of this corroboration, the circumstances did not plausibly evince "obvious reasons to doubt the veracity" of the allegations so that a factfinder could infer recklessness from Young's actions. Id. Viewed objectively, the allegations of the complaint do not make it plausible that it was anything other than reasonable for Young to rely on the complainant's statements, made under oath, in compiling the arrest warrant. Due to the reasons discussed supra, Kafafian's claim that Young was reckless in his investigation is a conclusory allegation unaccompanied by any allegations of fact to make that allegation plausible.

Furthermore, Kafafian does not plausibly allege that Young "should have known" facts that would have negated a probable cause finding. Young reasonably relied on the complainant's sworn statements and conducted an investigation in order to determine whether those statements were corroborated. At this point, Young was not required to go any further, because probable cause had been established. See Rivera v. United States, 928 F.2d 592, 605 (2d Cir. 1991) (holding that, even though "additional checking" by the officers would have produced some evidence pointing towards a lack of involvement, those facts would not have eliminated probable cause in light of the inculpatory evidence already gathered); Miloslavsky, 808 F. Supp. at 355 ("[h]aving spoken to the crime victim/complainant and having observed [the defendant's] conduct, [the officer] had sufficient grounds to reasonably believe that he had probable cause to arrest [the defendant]."). "A contrary holding would put an unfair burden on law enforcement officers. It would be unreasonable and impractical to

require that every innocent explanation for activity that suggests criminal behavior be proved wrong, or even contradicted, before an arrest warrant could be issued with impunity." Krause, 887 F.2d at 372. Because Young reasonably believed that probable cause had been established, it is not plausible that Young should have had to continue his investigation before compiling the arrest warrant.

Kafafian also claims that, when conducting a Franks analysis, the court must omit any factual allegations in the affidavit that Kafafian claims were false, and that were made by Young either intentionally or with a reckless disregard for the truth, when determining whether the corrected affidavit supports a finding of probable cause. If Kafaian's reading of Franks is correct, then any plaintiff would be able to subject an affidavit to a Franks analysis simply by denying the crime, and pleading that all of the statements in the affidavit must be disregarded. Kafafian's reading of Franks is misguided.

It is well settled in this Circuit that probable cause to arrest arises when a police officer acts on the statements of a victim. See Miloslavsky, 808 F. Supp. at 355. Likewise, "the arresting officer does not have to prove plaintiff's version wrong before arresting him." Curley v. Vill. of Suffern, 269 F.3d 65, 70 (2d Cir. 2001). Thus, where it was reasonable for an officer to rely on a complainant's statements when compiling an arrest warrant, a plaintiff cannot subject that officer to a false arrest claim without plausibly alleging that the officer made false statements or misrepresentations either intentionally or with a reckless disregard for the truth. Here, Kafafian has failed to plausibly allege that Young has done so. As such, Kafafian fails to meet the Franks standard on his section 1983 claim because the warrant supports a finding of probable

7

cause. Thus, Young's Motion to Dismiss Count One is granted because the Complaint, read in the light most favorable to Kafafian, fails to state a claim upon which relief can be granted.

  B. <u>Count II - Negligence Claim</u>

Kafafian also alleges that Young was negligent for conducting a "clearly incompetent investigation" prior to compiling the arrest warrant. Specifically, Kafafian argues that "any reasonable and prudent police [officer]" would have interviewed Kafafian's wife, Diane Kafafian, during the investigation. Upon interviewing Diane Kafafian, Kafafian claims Young would have discovered that Kafafian was not a mere employee of the House of Formals, that Kafafian possessed an unrestricted power of attorney executed by Diane Kafafian, and that Kafafian's actions were, at all times, made with the full knowledge and approval of Diane Kafafian. Complaint ¶ 16.

Young's Motion to Dismiss for Count Two is based on failure to state a claim upon which relief can be granted because the warrant is supported by probable cause, as well as on the ground of governmental immunity. With regard to failure to state a claim, Kafafian's assertion that Young "should have" interviewed Diane Kafafian before obtaining the warrant is a conclusory accusation unaccompanied by any factual allegations. Kafafian fails to allege any facts or circumstances that would make it plausible that Young should have interviewed Diane Kafafian, or that Young was negligent in not doing so before submitting the warrant application. Kafafian does not allege, for example, that it is standard police protocol to interview the spouse of a suspect before obtaining an arrest warrant, nor does he allege that it is customary practice for officers to interview a suspect's spouse on their own initiative. While

8

Kafafian alleges many details concerning the relationship between him, his wife, and the complainant, he does not allege any facts to support his conclusory allegations that Young knew or should have known about those relationships. As it stands, Kafafian's Complaint is full of legal conclusions couched as a factual allegations. The court does not have to accept such allegations as true, and dismisses the Complaint for failure to state a claim upon which relief can be granted.

In the alternative, Young claims that, even if he was negligent in conducting his investigation, he is entitled to governmental immunity. Under Connecticut law, "a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts." Violano v. Fernandez, 280 Conn. 310, 318 (2006); Conn. Gen. Stat. § 52-557n. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Id. "The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Id.

A police officer's governmental immunity is not absolute. "There are three exceptions to discretionary act immunity. Each of these exceptions represents a situation in which the public official's duty to act is [so] clear and unequivocal that the policy rationale underlying discretionary act immunity--to encourage municipal officers to exercise judgment--has no force." Bailey v. Town of West Hartford, 100 Conn. App. 805, 811, 921 A.2d 611 (Conn. App. 2007). "First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure." Id. "Second, liability may be imposed for a discretionary act when a statute

9

provides for a cause of action against a municipality or municipal official for failure to enforce certain laws." Id. "Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id. This last exception is commonly referred to as the "identifiable person-imminent harm" exception.

The "identifiable person-imminent harm" exception "has received very limited recognition in this state." Evon v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131 (1989). The exception only applies when "the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." Doe v. Petersen, 279 Conn. 607, 616, 903 A.2d 191 (2006). The failure to establish any one of the three prongs precludes the application of the exception. See Bailey, 100 Conn. App. at 812.

The "apparentness" prong "is grounded in the policy goal underlying all discretionary act immunity, that is, 'keeping public officials unafraid' to exercise judgment." Doe, 279 Conn. at 616. The Connecticut Supreme Court has held that "It surely would ill serve this goal to expose a public official to liability for his or her failure to respond adequately to a harm that was *not* apparent to him or her. Id.; see also Shore v. Stonington, 187 Conn. 147 (1982) (holding that the "identifiable victim-imminent harm" exception did not apply when a police officer allowed an apparently intoxicated motorist to continue driving, because the police officer could not have been aware that the likely consequence of his action was a fatal collision).

10

Kafafian alleges that the "identifiable person-imminent harm" exception applies here to strip Young of his immunity. Pl. Mem. in Opp. at 16.  However, for the reasons discussed in Count One, it was reasonable for Young to believe that he had probable cause to seek an arrest warrant for Kafafian.  Because he reasonably believed he had probable cause to arrest, it is not plausible that it was apparent to Young that his conduct would likely subject Kafafian to harm.  A contrary holding would run afoul of the policy of "keeping public officials unafraid" from exercising discretion. Doe, 279 Conn. at 616.  Because Young's determination that the evidence supported a finding of probable cause was a discretionary act, he is entitled to governmental immunity, and Count Two is dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Young's Motion to Dismiss is **GRANTED**.  Counts One and Two are dismissed pursuant to Rule 12(b)(6) for failure to state a claim as a matter of law.  In addition, Young is entitled to governmental immunity on Count Two.  Kafafian is granted leave to reopen by filing an amended complaint that cures the deficiencies in both Counts, if he can, within 30 days of this Ruling.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 25th day of March, 2011.

                                    /s/ Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge